UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA DANNER,

          Plaintiff,

v.

LEADING HEALTHCARE
SOLUTIONS, INC.,

          Defendant.

_____/

Case No. 2:22-cv-11498

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION
TO STRIKE [32] AND SUA SPONTE GRANTING
LEAVE TO FILE SECOND AMENDED COMPLAINT**

    Plaintiff Rhonda Danner sued Defendants NexGen Leads, Leading Healthcare Solutions (LHS), and Drips Holdings on behalf of a putative class of plaintiffs for violating the Telephone Consumer Protection Act (TCPA). ECF 11; *see* 47 U.S.C. § 227(c). Plaintiff also brought a Florida Telephone Communications Act claim against Defendant LHS. ECF 11, PgID 65; *see* Fla. Stat. § 501.059. Plaintiff voluntarily dismissed Defendant Drips Holdings. ECF 35. Defendant NextGen then moved to sever and transfer the claims brought against it to the Southern District of California. ECF 27. The Court granted the motion, severed Defendant NextGen from the present suit, and transferred those claims to the Southern District of California. ECF 42. Defendant LHS, the only remaining Defendant, then moved to strike Plaintiff's class allegations. ECF 32. The parties briefed the motion. ECF 37; 40. For

1

the reasons below, the Court will grant the motion to strike and sua sponte grant Plaintiff leave to amend the complaint.[1]

## BACKGROUND

Plaintiff alleged that Defendant LHS "use[d] automated systems to make outbound telephonic sales calls and send text messages to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not call Registry." ECF 11, PgID 57. Plaintiff sued on behalf of three putative classes of plaintiffs who were allegedly called or texted in violation of the TCPA. Plaintiff defined the first class:

> Since June 28, 2018, Plaintiff and all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls.

*Id.* at 59. Plaintiff defined the second class:

> Since June 28, 2018, Plaintiff and all persons within the United States whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop.

*Id.* at 59–60. And Plaintiff defined the third class:

> Since July 1, 2021, Plaintiff and all persons in the United States who (1) received a text message from, or on behalf of, LHS, (2) using the same equipment or type of equipment utilized to call or send a text message to Plaintiff.

*Id.* at 60.

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

Defendant LHS moved to strike the first and second classes because, among other alleged problems, "Plaintiff seeks to represent individuals who were *not* called on residential lines," which is expressly disallowed by relevant statute. ECF 29, PgID 169; *see* ECF 32, PgID 282 ("Defendant [LHS] moves this Court to strike Plaintiff Ronda Danner's class allegations for the reasons identified in Defendant Drip Holding['s] . . . Motion to Strike Class Allegations" at ECF 29).

## LEGAL STANDARD

When a plaintiff files a putative class action, "the [C]ourt must determine by order whether to certify the action as a class action" "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). A motion to strike a class allegation as uncertifiable may be filed before a plaintiff moves to have the class certified. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("That the motion to strike came before the plaintiffs had filed a motion to certify the class does not by itself make the court's decision reversibly premature."). Indeed, "either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)." *Id.* (cleaned up). If the complaint facially does not "satisfy the demands of Rule 23," the Court may order the Plaintiff to amend the complaint "prior to any motion for class certification." *Kirkbride v. Kroger Co.*, No. 2:21-cv-0022, 2022 WL 2703960, at *9 (S.D. Ohio July 12, 2022).

## DISCUSSION

Defendant LHS moved to strike the first and second classes because "[e]ven though the applicable CFR provisions do not apply to calls made to non-residential

3

numbers, Plaintiff seeks to represent individuals who were *not* called on residential lines. This is so because neither [Class One] nor [Class Two] is limited to residential numbers." ECF 29, PgID 169. Plaintiff responded that she "will narrow her class definition to limit the class to residential numbers" "[i]f discovery demonstrates that some of [LHS]'s calls were made to non-residential numbers." ECF 37, PgID 315. She also stated that she "could [narrow the class] at this stage if the Court deems it necessary." *Id.*

Under 47 C.F.R. § 64.1200(c), "[n]o person or entity shall initiate any telephone solicitation to . . . [a]ny *residential* telephone subscriber before the hour of 8 a.m. or after 9 p.m." (emphasis added). Similarly, under § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a *residential* telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." (emphasis added). As written, the first and second classes clearly go beyond the limits of § 64.1200(c)–(d). The first class included "Plaintiff and *all* persons within the United States" who received calls after registering with the National Do-Not-Call Registry for a certain period. ECF 11, PgID 59 (emphasis added). The first class therefore did not limit the putative class to persons called at residential addresses as required by statute. Likewise, the second class included "Plaintiff and *all* persons" called a certain number of times after requesting that they not be called. *Id.* (emphasis added). Consequently, the second class also failed to limit the putative class to persons called at residential address as required by statute.

4

Besides, Plaintiff appeared to acknowledge that her first and second putative classes included parties disallowed by statute because she offered to amend her complaint and narrow the class definition. *See* ECF 37, PgID 315. Because the first and second classes go beyond the scope allowed in a TCPA action, the Court will grant the motion to strike the class allegations in the first amended complaint.[2] The Court will also sua sponte grant Plaintiff leave to file a second amended complaint *See* Fed. R. Civ. P. 15(a)(2). If Plaintiff wishes to amend the complaint, she must draft the second amended complaint so that the putative classes do not include persons called at non-residential address. *See* § 64.1200(c)–(d). Plaintiff should also diligently consider all the objections raised in the motion to strike, ECF 29; 32, and make any other changes to narrow the class she deems appropriate.

---

[2] Neither party cited controlling case law on whether the Court should strike a class that facially includes members who cannot recover when it is unknown what percentage of the putative class is made up of those members. *See* ECF 29; 32; 37. But the Court is persuaded by *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384 (M.D.N.C. 2015), *aff'd*, 925 F.3d 643 (4th Cir. 2019) to grant the motion to strike and grant Plaintiff leave to file an amended complaint with amended class descriptions. In that case, the district court found that "[t]he fact that a class list contains members whose claims may fail on the merits does not mean that the class cannot be certified," but it also held that "a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." *Id.* (quotation omitted). While the court ended up granting a motion for class certification, it appeared reluctant to certify the class because of the possibility that "a great many" members would not be able to recover. *Id.* Here, because Plaintiff has not moved to certify the class, the Court need not weigh unknown variables or make hard decisions without necessary facts. Redrafting the proposed classes to preclude individuals who obviously cannot recover will allow the Court to address any future motion for class certification without having to weigh unknowns.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to strike [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must **FILE** the above-described second amended complaint **no later than August 15, 2023**.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: July 17, 2023